CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
AUG 18 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GEORGE P. BRANHAM, JR., <br> Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:14-cv-00375 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| IMAGING CENTER, et al., <br> Defendants. | ) <br> ) <br> ) | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

George P. Branham, Jr., a Virginia inmate proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983, naming as defendants the Imaging Center ("Center"), a private radiology enterprise; Quinn Hanson, an MRI technician at the Center; and Dr. Phillip E. Hanline and Dr. Shelby Jarrell, doctors at the Center. This matter is before me for screening, pursuant to 28 U.S.C. § 1915(e). After reviewing Plaintiff's submissions, I dismiss the action without prejudice for failing to state a claim upon which relief may be granted.

Plaintiff alleges the following facts. A physician at Plaintiff's correctional facility referred Plaintiff to the Center for an MRI, which Hanson performed on Plaintiff at the Center on October 7, 2013. That same day, an MRI report signed by Dr. Hanline, which "carbon copied" Dr. Jarrell, stated that Plaintiff suffered a tear in his right-tricep tendon. Someone at the Imaging Center forgot to contact Plaintiff, schedule follow-up treatment, or send the MRI report to the correctional facility. Plaintiff inquired about the MRI report months later due to continuing pain in his elbow, and he learned that the Center never sent the MRI report to the prison. Plaintiff believes he could have avoided having subsequent pain, reduced function, and surgery on his elbow if the Center had not delayed sending the MRI report to the prison.

I must dismiss the action against the Imaging Center because it cannot be liable under respondeat superior in a § 1983 suit for the alleged negligent acts or omissions by its employees,

and Plaintiff does not describe any relevant corporate policy. Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir. 1982). Plaintiff's only allegation about Dr. Hanline is that Dr. Hanline approved the MRI report that noted Plaintiff sustained an elbow injury.[1] Plaintiff does not describe any deliberate indifference by Dr. Hanline or Dr. Jarrell in relation to the prison's delayed receipt of the MRI report, and Plaintiff's only relevant allegation about Hanson, the MRI technician, is that Hanson was not qualified to tell Plaintiff what injury he may have sustained. Cf. Farmer v. Brennan, 511 U.S. 825, 833-34 (1994); Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff's claims of negligence are not actionable via § 1983. Estelle, 429 U.S. at 105-06. Accordingly, I dismiss the federal claims without prejudice for failing to state a claim upon which relief may be granted, and I decline to exercise supplemental jurisdiction over any state law claim related to the Complaint, pursuant to 28 U.S.C. § 1367(c).

**ENTER**: This 18th day of August, 2014.

Senior United States District Judge

---

[1] Indeed, Plaintiff admits he never met or spoke with Dr. Hanline or Dr. Jarrell.

2